```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF VERMONT


MANSFIELD HELIFLIGHT, INC.,          :
          Plaintiff,                 :
                                     :
     v.                              :    File No. 1:06-CV-106
                                     :
NORTH SLOPE BOROUGH,                 :
          Defendant.                 :
_____:
```

## RULING ON DEFENDANT'S MOTION TO DISMISS
### (Paper 4)

This case is a contract dispute over agreements for the sale of helicopters. Plaintiff Mansfield Heliflight, a corporation located in Vermont, claims Defendant North Slope Borough, a subdivision of the State of Alaska, (1) breached its obligation to pay Vermont sales tax on a Bell 320 helicopter, and (2) breached its obligation under a second contract to return the Bell 320 helicopter in partial payment for two Bell 412 helicopters. Paper 1. Defendant North Slope moves to dismiss the complaint based on the forum selection clause in the contracts providing for jurisdiction in Alaska Superior Court and venue in Barrow, Alaska. Paper 4; Paper 8 at 5.[1] For the

---

[1] Defendant's motion is under Fed. R. Civ. P. 12(b)(2), (3), and (6), although Defendant's argument is on Rule 12(b)(6) grounds. The Second Circuit has indicated that a lower court's decision to dismiss an action based on a finding of a forum selection clause is founded on Rule 12(b)(6). See Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V., 145 F.3d 505, 508 n.6 (2d Cir. 1998) (citing Lambert v. Kysar, 983 F.2d 1110, 1112 n.1 (1st Cir. 1993)); see also Licensed Practical Nurses, Technicians, & Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc., 131 F. Supp. 2d 393, 408 (S.D.N.Y. 2000)

reasons set forth below, Defendant's motion to dismiss is GRANTED.

## Discussion

Federal law governs the validity of forum selection clauses in diversity suits because they are essentially procedural. Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 390 (S.D.N.Y. 2006) (citing Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990)).  "The general rule in cases containing forum selection clauses is that '[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive.'"  John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs., 22 F.3d 51, 52 (2d Cir. 1994) (quoting Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir.1989)).  "[I]f mandatory venue language is employed, the clause will be enforced."  Id. at 53 (citing Docksider, 875 F.2d at 764).

Accordingly, the question presented by Defendant's motion is whether the forum selection clause contained in the parties' agreements includes mandatory venue language and therefore must be enforced.  This particular forum selection clause provides:

---

(discussing the proper treatment "not as one for a procedural motion addressed to venue at all, but simply as a decision to enforce the agreement of the parties as written . . . on the authority of Rule 12(b)(6). . . .").

2

> This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns and shall be interpreted and construed according to the laws of the State of Alaska. <u>Jurisdiction shall be in Alaska Superior Court</u>. <u>Venue shall be in Barrow, Alaska</u>. In the event of a breach, the non-breaching party shall be entitled to recover all costs and reasonable attorney's fees incurred in order to enforce its rights under this Agreement.

Paper 1, Ex. 1 at 4, Ex. 7 at 6 (emphases added).

Courts considering similar clauses concluded they were mandatory in nature. See <u>Beatie</u>, 431 F. Supp. 2d at 393 ("disputes shall be resolved in the federal or state courts of the City and State of New York, and the parties to this agreement consent to jurisdiction and venue in the City and State of New York."); <u>Red Mountain Retail Group, Inc. v. BCB, LLC</u>, 2006 WL 1128685, *2 (D. Kan. 2006) ("All questions with respect to the construction and interpretation of this Contract . . . shall be determined in accordance with the applicable provisions of the laws of the state of Kansas and any litigation shall have venue only in Wyandotte County, Kansas.") (citing <u>Excell, Inc. v. Sterling Bioler & Mech.</u>, 106 F.3d 318 (10th Cir. 1997) ("[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado.")); <u>Sterling Forest Assocs., Ltd. v. Barnett-Range Corp.</u>, 840 F.2d 249, 252 (4th Cir. 1988) ("This Agreement shall be construed and enforced in accordance with the laws of the State of California and the parties agree that in any dispute jurisdiction and venue shall be

in California."), abrogated on other grounds by <u>Lauro Lines S.R.L. v. Chasser</u>, 490 U.S. 495 (1989); <u>Richardson Eng'g Co. v. Int'l Bus. Machs.</u>, 554 F. Supp. 467, 469-70 (D. Vt. 1981) ("The parties hereby agree that the proper venue of any lawsuit . . . shall be the Supreme Court of the State of New York, County of Westchester."); <u>cf.</u> <u>Boutari</u>, 22 F.3d at 52 (concluding the clause "shall come within the jurisdiction of the competent Greek Courts, specifically of the Thessaloniki Courts," with no mention of venue, merely conferred jurisdiction but did not exclude jurisdiction elsewhere).

In this case, the use of the word "shall" regarding venue, in addition to the "shall" regarding jurisdiction and the choice of Alaskan law, is a reasonably clear indication of the parties' intent to make the Alaska Superior Court the exclusive venue. The clause, therefore, is mandatory, rather than permissive.

Because the Court concludes the clause is mandatory, the only way for Plaintiff to avoid enforcement is to demonstrate enforcement is unreasonable in these circumstances. See <u>Jones</u>, 901 F.2d at 18 (citing <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 15 (1972)). A clause is unreasonable if (1) the provision is the result of fraud or overreaching, (2) the complaining party would be deprived of his day in court due to grave inconvenience, (3) the chosen law would deprive the plaintiff of a remedy, or (4) "if the clauses contravene a strong

public policy of the forum state." Beatie, 431 F. Supp. 2d at 392 (citing Bremen, 407 U.S. at 10-15); see also D'Antuono v. CCH Computax Systems, Inc., 570 F. Supp. 708, 712 (D.R.I. 1983) (listing nine criteria courts have used in applying the Bremen reasonableness standard, but noting the "totality of the circumstances" should control).

Plaintiff has made no showing that enforcement of the clause would be so "gravely difficult and inconvenient that [it] will for all practical purposes be deprived of [its] day in court." Bremen, 407 U.S. at 18; see Paper 7 at 4. Nor is Plaintiff's argument persuasive that the State of Vermont would be so inconvenienced. Vermont has not yet intervened.

The Court also disagrees with Plaintiff's argument that Vermont has a strong public policy interest in the dispute, such that a local court should decide the case. Plaintiff correctly argues that resolution of this dispute will turn in part on the interpretation of Vermont state tax law. Moreover, the question presented –- whether only Vermont and the United States and their subdivisions, not other states, are exempt from sales tax pursuant to 32 V.S.A. § 9743 –- appears to be a novel, if seemingly straightforward, issue.

There is no reason, however, to believe the laws of Alaska would contravene any public policy of Vermont or that Alaskan courts would not properly apply Vermont tax law. Additionally,

5

in view of the dearth of case law discussing the particular statute at issue, it does not appear that Vermont courts are better prepared to consider it.  Cf. Cutter v. Scott & Fetzer Co., 510 F. Supp. 905, 908 (E.D. Wis. 1981) (holding enforcement of clause would be unreasonable where it was not freely bargained for, where the factors of convenience favored Wisconsin, and where Wisconsin's courts would be more familiar with the "rather intricate" statute, with "substantial judicial gloss," at issue).  The Court, therefore, concludes that enforcement of the forum selection clause here would not contravene Vermont public policy.  Because Plaintiff has failed to show enforcement of the clause is unreasonable on this or any other grounds, the Court will enforce it.

## Conclusion

For the reasons discussed above, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED.  This case is DISMISSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of August, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge